IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDREW FARRELL and GISELE : 
FARRELL,                    : 
                            : 
      Plaintiffs,           : 
                            :  CIVIL ACTION NO.
      v.                    :  1:11-CV-0824-TWT-CCH
                            : 
INDYMAC F.S.B., ONEWEST BANK, : 
and MCCURDY & CANDLER LLC,  : 
                            : 
      Defendants.           : 

## O R D E R

Attached is the report and recommendation of the United States Magistrate

Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil

Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if

any, to the report and recommendation within fourteen (14) days of service of this

Order. Should objections be filed, they shall specify with particularity the alleged

error or errors made (including reference by page number to the transcript if

applicable) and shall be served upon the opposing party. The party filing objections

will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the District Court. If no objections are filed, the report and

recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 9th day of May, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREW FARRELL and GISELE FARRELL, | : | CIVIL ACTION NO. |
| | : | 1:11-CV-0824-TWT-CCH |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| INDYMAC F.S.B., ONEWEST BANK, | : | |
| and MCCURDY & CANDLER LLC, | : | |
| | : | **F I N A L   R E P O R T   A N D** |
| Defendants. | : | **RECOMMENDATION** |

Plaintiffs, proceeding *pro se*, originally filed their complaint against Defendants in the Superior Court of DeKalb County on February 18, 2011. *See* Notice of Removal, Ex. A [1] ("Bill at Law Complaint Against Contract and Promissory Note"). On March 16, 2011, Defendant OneWest Bank, FSB ("Defendant" or "OneWest") removed the action to this Court by filing a Notice of Removal [1]. Thereafter, on March 18, 2011, OneWest filed a "Motion of Defendant OneWest Bank, FSB to Dismiss Complaint" [2] ("Motion to Dismiss") and a "Motion to Stay Preliminary Pretrial Deadlines" [4] ("Motion to Stay").

For the reasons discussed below, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Superior Court of DeKalb County. Because the undersigned is recommending that this action be remanded to the Superior Court of

DeKalb County, the undersigned further **RECOMMENDS** that OneWest's Motion to Dismiss [2] and Motion to Stay [4] be **DENIED AS MOOT**.

## I.    BACKGROUND

On February 18, 2011, Plaintiffs Andrew Farrell and Gisele Farrell, proceeding *pro se* without counsel to represent them, filed a "Bill at Law Complaint Against Contract and Promissory Note" ("Complaint") in the Superior Court of DeKalb County. *See* Notice of Removal, Ex. A [1]. In the Complaint, Plaintiffs allege that the contract or "promissory note" they entered into with Defendants was later altered by the Defendants and thus, that alteration "operates to void the enforcement of any remedy it may have had prior to such alteration." Compl. at ¶ 5. Plaintiffs further allege that the "contract fails as a matter of law regarding contract elements of: 1. Mutual Assent (several points within the contract) 2. Consideration and 3. Illusory for contract consideration." *Id.* at ¶ 6. Plaintiffs also allege that the "contract is a contract of adhesion and fails regarding consideration as the consideration required from the Plaintiff," and "the **intrinsic fraud** must not be allowed by the court in the operation of law, every contract must bear." *Id.* at ¶ 7 (emphasis in original).

In addition to the Complaint, the Plaintiffs also filed a "Memorandum in Support of Verified Complaint for Judicial Review of Bill in Equity" ("Memorandum") that contains additional factual allegations. *See* Notice of Removal, Ex. A [1]. Although Plaintiffs allege that they obtained a loan from Indymac F.S.B. and/or OneWest Bank, in the main, the factual allegations in the Complaint and Memorandum do not involve Plaintiffs specifically but instead relate to the workings of the banking industry and the residential mortgage loan process. The Plaintiffs' Complaint and Memorandum appear to be forms of the type sold on the internet to help borrowers initiate litigation for the express purpose of delaying foreclosure proceedings.

On March 16, 2011, OneWest filed a Notice of Removal [1] in this Court, in which it stated that this action is removable to this Court pursuant to 28 U.S.C. § 1331 because it presents a federal question. Notice of Removal [1] at 3. OneWest states that "Plaintiff's complaint alleges that Defendants failed to make disclosures, evidently in violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. Complaint, ¶ 3.)." *Id.* at 3.

Paragraph 3 of the Plaintiff's Complaint states in its entirety:

> 3. The plaintiff herein complains that all defendants holding the notes
> failed to inform and disclose all regarding the creation of money and did
> in fact lend it's [sic] credit, contract to law, to plaintiff who has a right
> of agreement to the creation of money that was being lent which caused
> defendants to fail to disclose all, namely the demand deposit made as a
> direct result of the plaintiff execution of the wet ink.

Compl. at ¶ 3.

OneWest states further in the Notice of Removal that the existence of a federal question is supported by statements made in the Plaintiffs' "Notice of Lis Pendens" that was also filed in the Superior Court of DeKalb County:

> In Plaintiffs' Notice of Lis Pendens which was filed with Plaintiffs'
> Complaint, Plaintiffs state that "said claims against the subject property
> is direct result of deprivation of rights under truth in lending laws along
> with regulation 'z' violations . . . ." Although Plaintiffs' Complaint is
> somewhat unclear, this statement confirms that Plaintiffs are asserting
> claims under the federal Truth in Lending Act.

Notice of Removal at 3 n.1.

Two days after filing the Notice of Removal, Defendant OneWest filed a Motion to Dismiss [2], arguing that Plaintiffs' Complaint should be dismissed because it fails to meet the pleading standard of the Federal Rules of Civil Procedure and because Plaintiffs failed to serve OneWest with a copy of the summons and Complaint

4

in accordance with the Federal Rules of Civil Procedure. Thereafter, on March 21, 2011, OneWest filed a Motion to Stay [4] requesting that the Court stay the preliminary pretrial deadlines until the Motion to Dismiss has been resolved.

## II.   DISCUSSION

### A.   Removal of the Action

The removal of state court actions to federal court is governed by 28 U.S.C. § 1441, which provides, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

When a state court action is removed pursuant to 28 U.S.C. § 1441, the Court must make an independent determination regarding the appropriateness of removal before it resolves any pending motions. 28 U.S.C. § 1446(c)(4) provides, in relevant part:

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *University of South. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction" and remand is mandatory when a court determines that it lacks subject matter jurisdiction, notwithstanding the presence of other motions pending before the court).

The Supreme Court has held that federal courts may not "assume" the presence of subject matter jurisdiction and rule directly on the merits of an action without first finding that jurisdiction exists:

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."

*Steele Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (*quoting Ex parte McCardle*, 7 Wall. 506, 514 (1868)). Thus, any ruling made by a federal court

that lacks subject matter jurisdiction is a nullity and either party, even the party that invoked the jurisdiction of the court, can attack jurisdiction at any time even after judgment is rendered. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951) ("To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them.").

In determining whether removal is appropriate under 28 U.S.C. § 1441, federal courts must resolve all doubts against removal:

> Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (*citing Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir. 1990); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983)). A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.

*University of South. Ala.*, 168 F.3d at 411. Moreover, as the party removing the action to federal court, the defendant has the burden of establishing federal jurisdiction over the action. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

The general test for whether a cause of action arises under federal law and is therefore removable under 28 U.S.C. § 1441 requires that a court look only to the face of the plaintiff's complaint to ascertain whether a claim has been asserted under federal law. *See Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 84 (1989) ("The presence or absence of federal jurisdiction is governed by the 'well-pleaded complaint' rule."). "Under our long standing interpretation of the current statutory scheme, the question of whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 808 (1986) (*quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)).

Thus, under the well-pleaded complaint rule, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (*citing Gully v. First National Bank*, 299 U.S.

8

109, 112-113 (1936)). In *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983), the Supreme Court reiterated the principle that removal must be based solely upon the plaintiff's claim against the defendant:

> "Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."

*Franchise Tax Bd.*, 463 U.S. at 10-11 (emphasis in original) (*quoting Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) and *Gully v. First National Bank*, 299 U.S. 109, 112 (1936)); *see also In re Carter*, 618 F.2d 1093, 1100-01 (5th Cir. 1980) (for purposes of removal on the basis of a federal question, "[t]he federal controversy must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal.").[1]

---

[1]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Thus, removal is generally proper under 28 U.S.C. § 1441 only if a plaintiff's well-pleaded complaint asserts a federal cause of action against the defendant. Exceptions to the well-pleaded complaint rule include civil rights actions and actions involving a claim in an area of law that is governed by a federal statute that preempts state laws, such as the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 *et seq.*, and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq. See* 28 U.S.C. § 1443 (cases involving civil rights claims are removable); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1975) (state court action involving common law tort and contract claims related to employee benefits may be removed under 28 U.S.C. § 1441 because federal defense under ERISA preempts state law); *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists*, 390 U.S. 557 (1968) (state court action involving a breach of contract claim arising under a collective bargaining agreement may be removed under 28 U.S.C. § 1441 because LMRA preempts state law in claims involving labor relations); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-393 (1987) (explaining the "complete pre-emption doctrine" as an exception to the well-pleaded complaint rule: "On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for

10

purposes of the well-pleaded complaint rule.'") (*quoting Metropolitan Life Ins. Co.*, 481 U.S. at 65).

In this case, the Court has reviewed the Plaintiffs' Complaint and finds that, under the well pleaded complaint rule, the Plaintiffs have not asserted any claim under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, or any other federal statute that would provide this Court with subject matter jurisdiction over this action. Plaintiffs have apparently chosen to bring their claims against Defendants solely under state law and have asserted claims based on contract and fraud. *See* Compl. at ¶¶ 5-7. Nowhere in the Complaint do Plaintiffs mention TILA or assert any claim under the "truth in lending laws." Furthermore, the Court has also reviewed the Plaintiffs' "Memorandum in Support of Verified Complaint for Judicial Review of Bill in Equity," although it does not appear to be a part of the Complaint itself, and that Memorandum also does not appear to assert any claim under TILA or any other federal statute.

Defendant OneWest concedes in the Notice of Removal that "Plaintiffs' Complaint is somewhat unclear." Notice of Removal at 3 n.1. OneWest nevertheless states that this Court has federal question jurisdiction over the Plaintiffs' claims based on language that the Plaintiffs used in filing a "Notice of Lis Pendens" in the Superior

11

Court of DeKalb County. In the "Notice of Lis Pendens," Plaintiffs state that "said claims against the subject property is direct result of deprivation of rights under truth in lending laws along with regulation 'z' violations." *See* Notice of Removal, Ex. A.

OneWest has not directed the Court's attention to any paragraph of the Complaint in which the Plaintiffs assert any claim under the "truth in lending laws" or TILA, and OneWest appears to base its argument of federal question jurisdiction solely on this language contained in the Notice of Lis Pendens. OneWest has not cited any authority, however, and the Court is unaware of any authority, that would allow this Court to deviate from the "well-pleaded complaint" rule to look outside the four corners of the Plaintiffs' Complaint to consider language from the Notice of Lis Pendens to determine whether the Plaintiffs have asserted any claim arising under federal law. Furthermore, as discussed above, as the party removing the action to federal court, it is OneWest who bears the burden of establishing federal jurisdiction over the action and all doubts must be resolved against removal and in favor of remand to state court.

The law is clear that the plaintiff is the master of his claim and may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In this case, the Court concludes that Plaintiffs have

asserted claims arising only under state law in their Complaint and have not asserted any claims arising under federal law. Moreover, in the Notice of Removal, OneWest states that this action has been removed to this Court solely on the basis of federal question jurisdiction and it does not allege that this Court has diversity jurisdiction over the action. *See* Notice of Removal at ¶¶ 3, 4. Accordingly, pursuant to the well-pleaded complaint rule, the Court concludes that Plaintiffs asserted no claims arising under federal law in their original Complaint and this Court does not have subject matter jurisdiction over this action. Removal is thus improper under 28 U.S.C. § 1441 and this action must be remanded to the Superior Court of DeKalb County under 28 U.S.C. § 1446(c)(4).

Moreover, even if Plaintiffs had asserted a claim under TILA, the claim would likely have been subject to dismissal on the ground that Plaintiffs have failed to state a claim under the pleading requirements of the Federal Rules of Civil Procedure. Upon the dismissal of any federal claim, the Court may have declined to exercise supplemental jurisdiction over the Plaintiffs' state law claims and those claims would have been remanded to the Superior Court of DeKalb County anyway. The Supreme Court has explained that federal district courts should not entertain supplemental jurisdiction over state law claims as a matter of course:

13

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction."). Thus, the end result would have been the same: the Plaintiffs' state law claims would be remanded to the Superior Court of DeKalb County, the forum in which the Plaintiffs originally brought them.

Accordingly, because the undersigned finds that no federal question is presented in the Complaint and thus, this Court does not have subject matter jurisdiction over the Plaintiffs' claims, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Superior Court of DeKalb County.

B.      Motion to Dismiss and Motion to Stay

Also pending before the Court is Defendant OneWest's Motion to Dismiss [2] and Motion to Stay [4]. In the Motion to Dismiss, OneWest argues that Plaintiffs' Complaint must be dismissed because it fails to meet the pleading standard of the

Federal Rules of Civil Procedure and because Plaintiffs failed to serve it with a copy of the summons and Complaint in accordance with the Federal Rules of Civil Procedure. In the Motion to Stay, OneWest requests that the Court stay the preliminary pretrial deadlines until the Motion to Dismiss has been resolved.

Because the undersigned finds that this action was improperly removed under 28 U.S.C. § 1441, the Court concludes that it lacks subject matter jurisdiction and the action must be remanded to the Superior Court of DeKalb County pursuant to 28 U.S.C. § 1446(c)(4). Accordingly, as the Court lacks jurisdiction over this action, it lacks authority to rule on the merits of the pending motions. *See University of South. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410-411 (11th Cir. 1990). For that reason, the undersigned **RECOMMENDS** that the Motion to Dismiss [2] and Motion to Stay [4] be **DENIED AS MOOT**.

## III.   RECOMMENDATION

For all the above reasons, **IT IS RECOMMENDED** that this action be **REMANDED** to the Superior Court of DeKalb County.

Because the undersigned is recommending that this action be remanded to the Superior Court of DeKalb County, **IT IS FURTHER RECOMMENDED** that

15

Defendant OneWest Bank's Motion to Dismiss [2] be **DENIED AS MOOT**, and that Defendant's Motion to Stay [4] also be **DENIED AS MOOT**.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 9th day of May, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

16